**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**IDEAL LAUNDRY AND DRY CLEAN-ING CO., Respondent.**

**No. 7381.**

United States Court of Appeals Tenth Circuit.

Feb. 2, 1967.

Peter Giesey, Washington, D. C. (Arnold Ordman, Dominick L. Manoli, Marcel Mallet-Prevost and Elliott Moore, Washington, D. C., with him on brief), for petitioner.

John K. Pickens, Washington, D. C., for respondent.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and KERR, District Judge.

MURRAH, Chief Judge.

When this case was here in 10 Cir., 330 F.2d 712, we declined to enforce the Board's order because in determining the appropriate bargaining unit it had in our view improperly excluded proffered evidence of the desires of the six salaried laundry truck drivers to be included in the bargaining unit. On remand all four of the six salaried drivers who were still employed by the company testified that at the time of the decision on the appropriate unit and the subsequent representation election in 1961, they desired to be included in the designated unit and vote in the election. The trial examiner thought that the "subjective thinking" of the drivers was "by its very nature of dubious weight", and furthermore, that open testimony concerning unit placement was no different from open testimony of employees in the presence of their employer concerning whether they wanted union representation, contrary to the secret ballot mandate of § 9(c) (1). The Board apparently agreed with the examiner.

We also agree that it would have been far more efficacious if the desires of the drivers had been ascertained in the pre-election proceedings to determine the appropriate unit. Since, however, no opportunity was afforded these employees to express their desires in either the representation or the unfair labor practice hearing, we must consider the present expression of their past desires in the posture in which their case is now presented. It is not the province of this court to determine the procedure by which the desires of the employees shall be ascertained, i. e. by open hearing, petition or authorization cards. The manner of ascertainment of those wishes is, of course, within the discretion of the Board subject to the requirements of due process right to be heard. We hold only that the desires of the employees are relevant to the determination of the appropriate bargaining unit because, as stated in Pittsburgh Plate Glass Co. v. N. L. R. B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251, "Certification of the bargaining representative follows the determination of the appropriate unit." And, "Naturally, the wishes of employees are a factor in a Board conclusion upon a unit. They are to be weighed with similarity of working duties and conditions,

the character of the various plants and the anticipated effectiveness of the unit in maintaining industrial peace through collective bargaining." Id. 156, 61 S.Ct. 914. Indeed, we think the relevancy of the wishes of employees concerning their inclusion or exclusion from a proposed bargaining unit is inherent in the basic right to self organization under § 7 of the Act. We adhere to the view that while the desires of the employees with respect to their inclusion in a bargaining unit is not controlling, it is "a factor which the Board should take into consideration in making its ultimate decision." And, in a close case the desires of the employees may tip the scales.

■ The trial examiner did avowedly consider the relevancy of the expressed desires of the four salaried drivers together with other relevant factors in determining whether they more appropriately belonged to the designated plant production and maintenance unit or a unit composed of route drivers. In that connection the examiner expressly found that prior to the 1961 election the company had a total of 23 drivers, 17 of whom were family route men who were paid a commission in addition to a guaranteed minimum salary, whereas the six drivers here involved were paid only a salary. The examiner noted that at the same time the certified union was attempting to organize the production and maintenance employees of the Ideal plant, another local union was seeking to organize the drivers, neither claiming jurisdiction over the other; that this classification was a circumstance which "should not be overlooked" in the interest of avoiding jurisdictional strife among competing unions. It was concluded that in the circumstances of this case "the policies of the Act" would be best effectuated by giving greater weight to this jurisdictional delineation than to the desires of the salaried drivers. Note was also taken of the respondent's contentions that since the two local unions were under the direction and control of common officers and had negotiated joint bargaining contracts with the Denver Dry Cleaners Association, they should be treated as joint representatives of a single unit for all classes of employees. But, it was also noted that while the local unions pursued a policy of mutual cooperation and assistance and negotiated joint contracts, they were separate local unions affiliated with two separate and distinct international unions and that the members paid their dues to their respective local unions. The examiner concluded that this sort of cooperation should not be construed in any way to prevent the designation of separate units for collective bargaining purposes. We agree with the examiner's reasoning.

Upon consideration of the whole record, the Board agreed with the trial examiner that the "factors for inclusion of the salaried drivers in the unit, including the desires of these employees, are outweighed by the factors for exclusion discussed at length in the trial examiner's decision." The Board accordingly concluded that the production and maintenance unit described in the original petition and order was appropriate and that by deliberately refusing to bargain with the union as the representative of the employees in that unit the respondent had violated § 8(a) (5) and (1) of the Act. The Board thereupon affirmed its original bargaining order.

■■ In response to the petition to enforce the employer alleges that the Board did not actually consider and weigh all of the relevant factors, but merely went through the formalities of a hearing in mechanical compliance with the order on remand without considering such factors including the desires of the employees. But, " * * * we cannot reject its explicit avowal that it did take into account evidence which it should have considered unless an examination of the whole record puts its acceptance beyond reason." National Labor Relations Board v. Donnelly Co., 330 U.S. 219, 229, 67 S.Ct. 756, 762, 91 L.Ed. 854.

■ Having in mind that the determination of the appropriate bargaining unit is the primary function of the Board subject only to the legal require-

**310**

ment that it give proper consideration to all legally relevant factors, i. e. see N.L.R.B. v. Albuquerque Phoenix Express, 10 Cir., 1966, 368 F.2d 451; N.L.R.B. v. Groendyke Transport, Inc., 10 Cir., 372 F.2d 137, we certainly cannot say that these salaried truck drivers were entitled as a matter of law to be included in the designated unit composed of the plant production and maintenance workers.

The order of the Board will be enforced.